# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Jose Venue

**FILED MAY 18 2020** SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

---

### Petition for Summons for Person Under Supervision

---

**Person Under Supervision**
Jose Ruiz-Montes

**Docket Number**
0971 5:20CR00184-001 EJD

**Name of Sentencing Judge:** The Honorable Cynthia Ann Bashant
United States District Judge
Southern District of California

**Date of Original Sentence:** February 24, 2020

**Original Offense**
Count One: False Statement to Government Agency, 18 U.S.C. § 1001, a Class D Felony.

**Original Sentence:** Imprisonment term of time served followed by one year supervised release

**Special Conditions:** $100 special assessment; if deported, not reenter the United States illegally; mental health treatment; report all vehicles owned or operated to the probation officer; search; 150 hours of community service.

**Prior Form(s) 12:** On April 14, 2020, The Honorable Cynthia Ann Bashant modified the client's supervised release terms to include a substance abuse treatment condition.

On April 30, 2020, jurisdiction was transferred from the Southern District of California to the Northern District of California and assigned to The Honorable Edward J. Davila.

**Type of Supervision**
Supervised Release
**Assistant U.S. Attorney**
To Be Assigned

**Date Supervision Commenced**
February 24, 2020
**Defense Counsel**
To Be Assigned

---

### Petitioning the Court

The issuance of a summons for the person under supervision to appear in court before the duty Magistrate Judge for identification of counsel and setting of further proceedings on August 3, 2020, at 1:30pm.

NDC-SUPV-FORM 12C(1) 4/6/2015

RE: Ruiz-Montes, Jose  2
0971 5:20CR00184-001 EJD

I, Elizabeth Hernandez-Robles, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
| --- | --- |
| One | There is probable cause to believe that the person under supervision violated mandatory condition number three that states he must not illegally possess a controlled substance. The client must refrain from any unlawful use of a controlled substance. |

On May 5, 2020, the United States Probation Officer received an email from the client's case manager. This email described an incident at the group home in which he lives. On May 4, 2020, the case manager arrived at the home to speak to the client's roommate. When he walked in, he noticed a strong odor of marijuana. The client was hiding in the closet but advised the case manager that he was changing. The case manager asked the client if he had been smoking marijuana, to which he stated he had not. The case manager proceeded to conduct a room search. In the client's laundry basket, a "makeshift bong" (made from a Coca-Cola plastic bottle), marijuana and a vape pen battery were found. The client denied that any of these items were his or that he had consumed marijuana.

On May 5, 2020, the United States Probation Officer arrived at the group home to discuss the previous day's incident. Initially, the client stated he had nothing to report, when confronted regarding the incident, he denied being at the home at the time. After advising the client that probation wishes to help him and as such, he should be truthful, Mr. Ruiz-Montes admitted using marijuana. He stated he has trouble sleeping and has been using marijuana regularly to help him sleep. At this time, the client agreed to sign an Admission Report.

Evidence of this charge can be found in the chronological record and in the Admission Report both dated May 5, 2020.

The Probation Office is requesting a summons due to the above charge and the following events. On March 31, 2020, Mr. Ruiz-Montes contacted the Probation Officer to advise he moved to Rosana Street, Gilroy, as he could no longer live at the other address due to his criminal background. On April 7, 2020 client advised he moved again to East 7th Street, Gilroy, because he stated it was closer to his job. On April 10, 2020, his foster mother from the Rosana Street address contacted me advising the client had stolen her identification and the keys to the home prior to

RE: Ruiz-Montes, Jose  3
0971 5:20CR00184-001 EJD

leaving. She had evicted him as he was drinking at the home, and his boyfriend would stay over without asking for permission. She had also discovered he had also been evicted from the East 7th Street address, got fired from his job for not going into work while he lived with her, and had been expelled from school for poor performance. Mr. Ruiz-Montes was contacted on the same day to request information regarding the incidents at the Rosana Street address which he adamantly denied. On April 15, 2020, he advised the Probation Officer he moved again to Swanston Lane, Gilroy. On April 24, 2020, the Probation Officer attempted contact with the client at his reported home. He advised he was at his friend's house in San Jose. Once the officer arrived at his friend's home in San Jose, the client was not present. When called, he advised he was going to Walmart. The Probation Officer arrived at Walmart and waited for the client for 20 minutes. Once he arrived he stated he was late due to going to another friend's house. The client was not wearing a mask to enter the store and he was admonished for not following the rules of shelter-in-place or wearing a mask when going into the store. Client was directed to go back home and follow shelter-in-place orders. On April 25, 2020, client contacted the Probation Officer to advise he wanted to know when the officer wished the client return home. He was admonished and advised he needed to go back home as soon as possible. On April 28, 2020, an administrative meeting was conducted with the Probation Officer and the Supervisory Probation Officer, the client was reminded of his conditions of supervision, including being responsive and communicating his whereabouts with the probation office.

Based on the foregoing, there is probable cause to believe that Jose Ruiz-Montes violated the conditions of his Supervised Release.

Respectfully submitted,

Elizabeth Hernandez-Robles
U.S. Probation Officer
Date Signed: May 8, 2020

Reviewed by:

Sonia Lapizco
Supervisory U.S. Probation Officer

---

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

[✓] The issuance of a summons for the person under supervision to appear in court before the duty Magistrate Judge for identification of counsel and setting of further proceedings on August 3, 2020, at 1:30pm.

[ ] Other:

5/15/2020

Date

Edward J. Davila
United States District Judge

NDC-SUPV-FORM 12C(1) 4/6/2015

RE: Ruiz-Montes, Jose 4
0971 5:20CR00184-001 EJD

## APPENDIX

Grade of Violations: C

Criminal History at time of sentencing: I

| | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Two years<br>18 U.S.C. § 3583(e)(3) | 3-9 months<br>USSG § 7B1.4(a) |
| **Supervised Release:** | Three years, less any time in custody upon revocation<br>18 U.S.C. § 3583(h) | Three years, less any time in custody upon revocation<br>USSG § 7B1.3(g)(2) |
| **Probation:** | Not Authorized | Not Applicable |